**No. 23-8034**

## In the

# United States Court of Appeals

## for the Third Circuit

———————

RYAN BUTTON, on behalf of himself and those similarly situated,

*Plaintiff-Petitioner,*

v.

DOLLAR GENERAL CORP.; DOLGENCORP INC., AGENT OF DOLLAR GENERAL; TODD VASOS; JEFF OWEN; STEVE SUNDERLAND; EMILY TAYLOR,

*Defendants-Respondents.*

———————

On Petition for Permission to Appeal from the Order and Opinion of the United States District Court for the District of New Jersey Denying Remand and Jurisdictional Discovery
Case No. 3:22-cv-07028-MAS-RLS

———————

**DEFENDANTS-RESPONDENTS' ANSWER TO PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1453(c)**

———————

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020
T: (212) 548-2167
F: (212) 715-6275
pagoldstein@mcguirewoods.com

*Counsel for Respondents*

## CORPORATE DISCLOSURE STATEMENTS

Pursuant to Federal Rule of Appellate Procedure 26.1, Dollar General Corporation states that it is a publicly traded company.  Dollar General Corporation is a publicly traded company, has no parent corporation, and no publicly held corporation holds 10% or more of its shares.  Dollar General Corporation is a Tennessee corporation with its principal place of business in Tennessee.  Dollar General Corporation is a citizen of Tennessee.

Dolgencorp, LLC states that it is a limited liability company.  Dolgencorp, LLC's sole member is Dollar General Corporation.  Dolgencorp, LLC is a single member LLC organized under the laws of Kentucky with its principal place of business in Tennessee.  Its sole member, Dollar General Corporation, is a citizen of Tennessee.  Dolgencorp, LLC is a citizen of Tennessee.

Dated: August 31, 2023                    *s/ Philip A. Goldstein*
                                          Philip A. Goldstein

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

FACTS AND PROCEEDINGS.................................................................3

STANDARD ..........................................................................................4

ARGUMENT .........................................................................................4

I.     The District Court Rightly Found That It Had CAFA
Jurisdiction.................................................................................5

      A.    Plaintiff Sued No Local Defendant Significant to His
Claims.............................................................................5

      B.    Plaintiff Forfeited and Waived Argument Against the
Jurisdictional Holding, Making Discovery Issues
Inconsequential...............................................................6

II.    Plaintiff's Discovery Arguments Do Not Support a § 1453(c)
Appeal........................................................................................8

      A.    The Court Lacks Jurisdiction to Address the Discovery
Holding. .........................................................................8

      B.    Discovery Cannot Impact the Jurisdictional Holding. .........9

      C.    Discovery Does Not Relate to Elements Plaintiff Did Not
Establish. ......................................................................10

      D.    Plaintiff's Appeal Would Needlessly Spend Time and
Effort............................................................................11

      E.    The District Court Was Right..........................................12

CONCLUSION ....................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allergan ERISA Litig.*,
   975 F.3d 348 (3d Cir. 2020) ........................................................6, 11

*Baer v. United States*,
   722 F.3d 168 (3d Cir. 2013) .................................................4

*Barna v. Bd. of Sch. Directors*,
   877 F.3d 136 (3d Cir. 2017) .................................................6

*Camesi v. Univ. of Pittsburgh Med. Ctr.*,
   729 F.3d 239 (3d Cir. 2013) ...............................................11

*City of Walker v. Louisiana*,
   877 F.3d 563 (5th Cir. 2017) ............................................8, 9

*Coleman v. Estes Express Lines, Inc.*,
   627 F.3d 1096 (9th Cir. 2010) ..........................................4, 9

*Coll. of Dental Surgeons v. Connecticut Gen. Life Ins. Co.*,
   585 F.3d 33 (1st Cir. 2009)............................4, 7, 10, 11, 12

*Kaufman v. Allstate New Jersey Ins. Co.*,
   561 F.3d 144 (3d Cir. 2009) ............................................9, 12

*Kost v. Kozakiewicz*,
   1 F.3d 176 (3d Cir. 1993) ....................................................6

*McFarlin v. Conseco Servs., LLC*,
   381 F.3d 1251 (11th Cir. 2004) ..........................................6

*Med. Ctr. Pharmacy v. Holder*,
   634 F.3d 830 (5th Cir. 2011) ...............................................7

*Morgan v. Gay*,
   466 F.3d 276 (3d Cir. 2006) .................................................4

*Ocasio v. Bryan*,
   374 F.2d 11 (3d Cir. 1967) ...............................................6, 11

*Probola v. Long & Foster Real Est., Inc.*,
  486 F. App'x 229 (3d Cir. 2012) ........................................................8, 9

*Stewart v. Mostowy*,
  796 F. App'x 104 (3d Cir. 2020) ..............................................10, 11

*TD Bank N.A. v. Hill*,
  928 F.3d 259 (3d Cir. 2019) ..................................................................6

*United States v. Funds*,
  901 F.3d 758 (7th Cir. 2018) ................................................................7

*United States v. Pembrook*,
  2023 WL 5347108 (6th Cir. Aug. 21, 2023) ......................................7

*Vodenichar v. Halcón Energy Properties, Inc.*,
  733 F.3d 497 (3d Cir. 2013) .......................................................4, 5, 12

*Woods v. Standard Ins. Co.*,
  771 F.3d 1257 (10th Cir. 2014) ...........................................................4

**Statutes**

28 U.S.C. § 1447(d) ................................................................................8

28 U.S.C. § 1453(c) .............................................. 1, 2, 4, 8, 9, 10, 11, 12

**INTRODUCTION**

28 U.S.C. § 1453(c) provides a quick way to resolve cutting-edge, dispositive issues that interpret the Class Action Fairness Act (CAFA).  Plaintiff's appeal raises no such issue.  The Court should deny Plaintiff's request for a § 1453(c) appeal.

The district court denied Plaintiff's motion to remand because Dollar General established a prima facie case of CAFA jurisdiction and Plaintiff failed to satisfy CAFA's local controversy exception.  Plaintiff does not ask this Court to review those jurisdictional holdings.  This appeal is not about CAFA.

Instead, Plaintiff wants to appeal the district court's follow-along holding: that Plaintiff could not obtain limited jurisdictional discovery to identify the 500 "John Doe" defendants.  To reverse this discovery holding, Plaintiff does not ask the Court to interpret CAFA, but to incorrectly apply personal jurisdiction case law, interpret New Jersey law, and construe the allegations in his complaint.  Courts do not take § 1453(c) appeals just to decide these types of non-CAFA issues.

Not to mention, Plaintiff's appellate focus on *discovery* will not change the district court's holding on *jurisdiction*.  By leaving that jurisdictional holding undisturbed in his requested § 1453(c) appeal, Plaintiff forfeits and waives argument against that holding.  No matter whether Plaintiff might secure discovery on appeal, his forfeiture and waiver regarding jurisdiction will follow him on remand.  This appeal cannot change the holding denying Plaintiff's remand motion.

Even considering Plaintiff's focus on discovery, that issue presents nothing to support a § 1453(c) appeal. Plaintiff agrees with the district court that discovery is irrelevant to his failure to satisfy at least one element of CAFA's local controversy exception. If the Court grants this appeal, Plaintiff's agreement requires, essentially, a summary affirmance.

Meanwhile, Plaintiff ignores the district court's independent basis to deny discovery: Plaintiff's limited discovery request would not uncover evidence relating to *all* his failures under CAFA's local controversy exception. If the Court granted this appeal, Plaintiff's waiver requires affirming on this non-CAFA basis.

Additionally, the district court appropriately exercised its discretion to deny discovery. Plaintiff fails to show a CAFA problem here that needs fixing.

Finally, Plaintiff has no need for an immediate appeal. Without a § 1453(c) appeal, Plaintiff will have one of two opportunities to seek the contested discovery. The district court might grant Defendants' motions to dismiss, thus putting Plaintiff back before this Court in the normal appellate process. Alternatively, the district court might deny those motions, thus allowing Plaintiff the opportunity to try to obtain the information he sought as "jurisdictional" discovery. Plaintiff does not need a § 1453(c) appeal to get another bite at the discovery he wants.

For these reasons and those below, the Court should deny Plaintiff's petition.

## FACTS AND PROCEEDINGS

While shopping at Dollar General, Plaintiff noticed alleged discrepancies between the price on the store shelf and the price scanned at checkout. A2. Plaintiff continued to shop at Dollar General stores, kept a lookout for more discrepancies, and then sued rather than alerting anyone to the problem. A2.

Plaintiff sued Dollar General Corporation, Dolgencorp, LLC, and four alleged officer or directors of Dolgencorp on behalf of a putative class of customers. A1-3. These defendants are all Tennessee citizens. A2. Plaintiff also sued 500 John Doe "fictitious names" as the alleged "officers, supervisors, regional directors and or managers of Dollar General stores located in New Jersey." A30, ¶ 12. The named defendants timely removed the action and moved to dismiss. A3-4. Rather than respond to those motions, Plaintiff moved to remand. A4. In his motion to remand, "Plaintiff [did] not dispute that [Defendants] established a *prima facie* basis for removal under CAFA." A6 n.6. On review of the record, the district court properly held that "federal jurisdiction exists under 28 U.S.C. § 1332(d)(2)." A6 n.6.

The focus of Plaintiff's remand motion was CAFA's local controversy exception. *See* A4-5. The Court held that Plaintiff did not satisfy at least two elements of the exception: (1) naming a local defendant (2) whose conduct forms a significant basis for Plaintiff's claims. A6-8. The Court then held that Plaintiff deserved no jurisdictional discovery and denied the remand motion. A8-11; A576.

3

## STANDARD

This Court has discretion to deny Plaintiff's request to appeal the district court's order denying Plaintiff's motion to remand. 28 U.S.C. § 1453(c); *Morgan v. Gay*, 466 F.3d 276, 277 (3d Cir. 2006). Some courts have adopted factors guiding that discretion. *See Coll. of Dental Surgeons v. Connecticut Gen. Life Ins. Co.*, 585 F.3d 33, 38 (1st Cir. 2009) (listing factors). These factors are guides, not bright-line rules. *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010).

Plaintiff seeks to "reverse the portion of the [district court's] order denying leave to conduct jurisdictional discovery." Pet. 9. The Court "review[s] a district court's denial of jurisdictional discovery for abuse of discretion." *Baer v. United States*, 722 F.3d 168, 176 (3d Cir. 2013).

## ARGUMENT

CAFA's local controversy exception involves six factors. *See Vodenichar v. Halcón Energy Properties, Inc.*, 733 F.3d 497, 506-07 (3d Cir. 2013). As "[t]he party seeking to invoke [the] exception," Plaintiff has "the burden of proving" the exception "by a preponderance of the evidence." *Id.* at 503. The "exception seeks to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." *Id.* at 508 n.11. All doubts should be "resolved in favor of exercising jurisdiction." *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1265-66 (10th Cir. 2014).

**I.    The District Court Rightly Found That It Had CAFA Jurisdiction.**

**A.    Plaintiff Sued No Local Defendant Significant to His Claims.**

CAFA's local controversy exception requires that "at least one defendant is a citizen of the state in which the action was originally filed (the local defendant)" and "the local defendant's conduct forms a significant basis for the claims asserted." *Vodenichar*, 733 F.3d at 506-07.    Plaintiff failed to satisfy these elements. "Strikingly, none of the defendants currently named in this action are citizens of New Jersey." A7.  Instead, Plaintiff named 500 John Does, who supposedly "reside in or are otherwise residents or citizens of New Jersey."  A30.  As for these John Does, the district court applied the universal consensus.  It could "not consider the unnamed John Doe[s] in this [local controversy exception] inquiry, as they are not yet parties to this action." A7.  "Indeed, this conclusion is consistent with the general removal principle that the citizenship of defendants sued under fictitious names shall be disregarded for diversity purposes."  A7.

Plaintiff also failed "to show that any one of the John Does, all of whom are purported Dollar General employees at New Jersey stores, is 'significant' under the local controversy exception."  A8.  Plaintiff did not allege that any single John Doe had a significant impact on the litigation relative to the 503 other individual defendants (John Doe and named individuals alike), all of whom allegedly engaged in the same type of actionable conduct.  A9-10.

The district court rightly held that Plaintiff failed these elements of CAFA's local controversy exception.[1]

## B.    Plaintiff Forfeited and Waived Argument Against the Jurisdictional Holding, Making Discovery Issues Inconsequential.

In seeking an appeal, Plaintiff has abandoned challenging the district court's jurisdictional holding that Plaintiff did not satisfy the local controversy exception. He makes no argument against that holding in his petition. *See, e.g.*, *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1263 (11th Cir. 2004) (failure to raise an issue for resolution in petition for permission for appeal waives the issue). That holding also falls outside his questions presented and requested relief. *See, e.g.*, *Ocasio v. Bryan*, 374 F.2d 11, 14 (3d Cir. 1967) ("limit[ing] [the Court's] decision to the question presented and express[ing] no view on any other issues").

Plaintiff therefore forfeited and waived any argument against the district court's jurisdictional holding. *See Barna v. Bd. of Sch. Directors*, 877 F.3d 136, 146-47 (3d Cir. 2017). If the Court granted this appeal, it would necessarily affirm that jurisdictional holding. *See, e.g.*, *In re Allergan ERISA Litig.*, 975 F.3d 348, 356 n.12 (3d Cir. 2020); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

---

[1] Plaintiff failed to satisfy three other elements: (1) more than two-thirds of the class must be New Jersey citizens; (2) the class needs to plausibly seek significant relief from a local defendant; and (3) this litigation needs to be a truly local controversy. *See* A8 n.2. These failures are alternative grounds establishing why the jurisdictional holding was correct. *See TD Bank N.A. v. Hill*, 928 F.3d 259, 276 n.9 (3d Cir. 2019).

Plaintiff's forfeiture and waiver will follow him on remand. Plaintiff could have challenged the district court's jurisdictional holding. He did not. "[A]n issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011); *see also United States v. Pembrook*, No. 21-1503/1519 2023 WL 5347108, at *6 (6th Cir. Aug. 21, 2023) (on remand, parties have no "license to re-assert issues that they should have raised during an earlier appeal"). Plaintiff cannot reassert his arguments challenging the jurisdictional holding on remand. *Id*.

Even if Plaintiff uncovers the identity of the John Does through a successful appeal (the only discovery he sought, A8), and even if that discovery allowed Plaintiff to revisit his failure to name a local defendant, Plaintiff's waiver and forfeiture prevents him from challenging other grounds supporting the jurisdictional holding. In turn, the district court will deny Plaintiff's remand motion on those other grounds no matter what happens in this appeal. *See, e.g.*, *United States v. Funds*, 901 F.3d 758, 767 (7th Cir. 2018) (on remand, plaintiffs "could not challenge" the district court's decision for reasons they could have but "did not challenge" on appeal). The Court should deny this appeal which fails to raise a "question [that] is consequential to" this case. *Coll. of Dental Surgeons*, 585 F.3d at 38.

**II.    Plaintiff's Discovery Arguments Do Not Support a § 1453(c) Appeal.**

**A.    The Court Lacks Jurisdiction to Address the Discovery Holding.**

"The purpose of [28 U.S.C. § 1453(c)] is to allow courts to develop a body of appellate law interpreting CAFA without unduly delaying the litigation of class actions." *Probola v. Long & Foster Real Est., Inc.*, 486 F. App'x 229, 231 (3d Cir. 2012). Considering this limited purpose and the general bar on reviewing remand orders, *see* 28 U.S.C. § 1447(d), an appellate court's "jurisdiction to review a CAFA remand order stops at the edge of the CAFA portion of the order." *City of Walker v. Louisiana*, 877 F.3d 563, 567 (5th Cir. 2017).

Plaintiff's appeal asks the Court to decide only whether the district court properly denied jurisdictional discovery. Pet. 9. Under Plaintiff's view, answering that question does not require interpreting CAFA. Instead, Plaintiff says that the district court misapplied "this Court's rulings" on jurisdictional discovery from the personal jurisdiction context. *Id.* at 10-11. He then argues that, to correct the purported error, this Court should construe New Jersey law, hold that the district court "[i]ncorrectly [c]onstrued [a]llegations of [the] [c]omplaint," and hold that the district court "incorrectly interpreted Plaintiff's complaint." *Id.* at 11-18.

Plaintiff's discovery issues therefore have nothing to do with the point of a § 1453(c) appeal: "interpreting CAFA." *Probola*, 486 F. App'x at 231. Because reversing the discovery holding would not interpret CAFA, at least under Plaintiff's

analysis, that holding is beyond the Court's jurisdiction. *See* 28 U.S.C. § 1453(c)(1); *City of Walker*, 877 F.3d at 567. The Court should therefore deny the petition.

Even if the Court does not view Plaintiff's non-CAFA appeal as a limit on jurisdiction, Plaintiff's sole focus on discovery still supports denying the petition. *See Probola*, 486 F. App'x at 231 (some courts decline to address non-CAFA issues as a matter of discretion given that such issues "d[o] not fit with the reasons behind § 1453(c)(1)"). A "key factor" to grant a § 1453(c) appeal "is the presence of an important CAFA-related question in the case." *Coleman*, 627 F.3d at 1100. Plaintiff identifies issues for appeal—but none requires interpreting CAFA. Pet. 11-18. The Court should deny the petition. *See Coleman*, 627 F.3d at 1100.

## B.    Discovery Cannot Impact the Jurisdictional Holding.

Plaintiff's appeal asks whether the district court correctly denied discovery. Pet. 9. Among other reasons, the district court denied discovery because it "would have little or no import to [its] analysis" that Plaintiff failed to establish the significant basis element. A8-9 & n.3. This Court "has emphasized" that "the focus of courts' inquiries regarding the significant basis [element] must be the alleged conduct." A9 n.3; *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009). Plaintiff agrees, stating "that a district court must make its determination based on the allegations in the [c]omplaint." Pet. 15.

In sum, the district court held that Plaintiff "fail[ed] to demonstrate that the conduct of any [John Doe] forms a significant basis for the claims asserted," A8, and everyone agrees that no discovery can change that holding.  The Court can affirm the district court's denial of discovery on this independent rationale.  *See, e.g.*, *Stewart v. Mostowy*, 796 F. App'x 104, 107 (3d Cir. 2020).  There is no need for a § 1453(c) appeal because "the district court decided the question [of discovery] correctly."  *Coll. of Dental Surgeons*, 585 F.3d at 38.

## C.    Discovery Does Not Relate to Elements Plaintiff Did Not Establish.

To establish "more specific information as to the identities of the John Doe[s]," Plaintiff sought "limited jurisdictional discovery on this issue."  A8. Plaintiff thought "it would be a simple matter to, with a few clicks of a computer mouse, search Dollar General's employment database to obtain the necessary information to determine the identities and residences of the John Does."  A8.

Given this limited scope, the district court's first reason to deny discovery was because "discovery pertaining to the identities and residences of the John Does will not salvage Plaintiff's failure to demonstrate that the conduct of any such individual forms a significant basis for the claims asserted."  A8.  The court concluded by reminding Plaintiff that he needed "to prove all the elements [of the local controversy exception] in the conjunctive," yet Plaintiff's requested discovery "would not impact the Court's decision [as to all those elements] and would be futile."  A11.

10

Plaintiff does not argue that this reasoning was erroneous. Pet. 11-18; *In re Allergan*, 975 F.3d at 356 n.12. This issue is not within the scope of the questions presented. Pet. 8; *Ocasio*, 374 F.2d at 14. If the Court granted Plaintiff's petition, it should therefore affirm on this uncontested, independent basis for the district court's holding. *See, e.g.*, *Stewart*, 796 F. App'x at 107. The Court's resolution of the appeal would not address any interpretation of CAFA but would turn on a case-specific issue about the scope of Plaintiff's requested discovery. This case is not suited for § 1453(c) review. *See Coll. of Dental Surgeons*, 585 F.3d at 38.

### D.    Plaintiff's Appeal Would Needlessly Spend Time and Effort.

In short order, Plaintiff can either appeal the discovery holding under typical appellate review or try to obtain the desired information during fact discovery. The district court will resolve Defendants' motions to dismiss if there is no § 1453(c) appeal. A576. If it grants those motions, the parties will be before this Court under normal appellate review and Plaintiff might raise the discovery issue then. *See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 244-45 (3d Cir. 2013). Or, if the district court denies those motions, Plaintiff will likely try to obtain the same information he sought as "jurisdictional" discovery. The Court should therefore deny Plaintiff's § 1453(c) appeal about discovery because it does not raise a "question [that] is likely to evade effective review if left for consideration only after final judgment." *Coll. of Dental Surgeons*, 585 F.3d at 38.

11

### E.    The District Court Was Right.

Plaintiff alleged that the 500 John Does had the same responsibilities as the four named individual defendants.  A9.  The district court "compar[ed]" one of those local John Does in relation to "all [503 of] the [other individual] [d]efendants." *Kaufman*, 561 F.3d at 156; *see also Vodenichar*, 733 F.3d at 507 (focusing on "each local defendant's" conduct alone for this element).  The district court concluded "that the conduct of any single John Doe does not form a significant basis for the claims asserted."  A9.  Moreover, "the number of people impacted by the actions of an individual John Doe"—limited to a store or two—"will necessarily pale in comparison" to the footprint on the class claims from the individual defendants "further up the corporate hierarchy."  A10.

Plaintiff argues that the district court "accept[ed] a key assumption not otherwise pled."  Pet. 15.  To the contrary, the court's analysis focused on the allegations of the complaint and compared a single John Doe to the hundreds of purported defendants who all had the same responsibilities.  A9-10.  Plaintiff has not shown that the district court's rationale is so facially wrong that it compels a § 1453(c) appeal.  *See Coll. of Dental Surgeons*, 585 F.3d at 38.

### CONCLUSION

The Court should deny Plaintiff's petition for permission to appeal.

Dated:  August 31, 2023

Respectfully submitted,

*s/ Philip A. Goldstein*
Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020
T: (212) 548-2167
F: (212) 715-6275
pagoldstein@mcguirewoods.com

*Counsel for Respondents*

## CERTIFICATE OF TYPE-VOLUME LIMITATIONS
## AND TYPEFACE REQUIREMENTS, BAR MEMBERSHIP,
## AND ELECTRONIC VIRUS CHECK

This opposition complies with the type-volume limitation of Fed. R. App. P. 5(c) because:

- The document contains 2,865 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This opposition complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- The document has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

The attorney whose name appears on this document is a member of the bar of this Court.

The electronic version of this document has been scanned for viruses using CrowdStrike Falcon Sensor, Version 6.40.15406.0, and no virus was detected.

*s/ Philip A. Goldstein*
Philip A. Goldstein

14

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*s/ Philip A. Goldstein*
Philip A. Goldstein